In the Matter of the Compensation of
Darlene L. Birtch, Claimant,
and Joyce L. DePew, Claimant, (Deceased).
DEPEW et al,
*Petitioners,*

*v.*

SAIF CORPORATION,
*Respondent.*

(83-01758; 83-01928; CA A33020)

703 P2d 259

William H. Schultz, Portland, argued the cause for petitioner DePew. With him on the brief were Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Michael N. Gutzler, Salem, argued the cause for petitioner Birtch. On the brief were Howard R. Nielsen, and Allen & Vick, Salem.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Petitioners seek judicial review of a Workers' Compensation Board order upholding SAIF's denial of their claims on the ground that petitioners are not "subject workers."[1] ORS 656.027. We affirm.

Birtch and DePew were employed by Wert at a private club in Clackamas County. The club was primarily an illegal gambling establishment. Birtch worked as a shift manager. She dealt cards, made sure other card dealers were available, answered the door, handled the money and waited on customers. DePew worked as a card dealer and waitress. Both worked the 2 a.m. to 10 a.m. shift. They were paid in cash from gambling receipts at the end of each shift. In September, 1982, the club was robbed. After ordering Birtch and DePew to lie on the floor, the robber shot both of them in the back. Birtch was seriously injured; DePew was killed.

Claims filed by Birtch and on behalf of DePew's child were referred to SAIF, because Wert had no coverage. *See* ORS 656.054(1). SAIF denied the claims on the ground that petitioners' contracts of employment called for the performance of criminal acts. After a consolidated hearing, the referee agreed with SAIF that petitioners were engaged in criminal activities. *See* ORS 167.117 to 167.162. Nevertheless, he concluded that Wert was a subject employer and that petitioners were subject employes. The Board disagreed. It concluded that petitioners were not subject workers and that it would violate both the purpose of the Workers' Compensation Act and public policy to allow compensation. Accordingly, the Board reinstated and affirmed SAIF's denials.

Petitioners argue that we should interpret the Workers' Compensation Act liberally in favor of injured workers, *see Holden v. Willamette Industries,* 28 Or App 613, 618, 560 P2d 298 (1977), and that had the legislature intended to exclude from coverage workers engaged in criminal activities, it would have said so specifically in ORS 656.027.

ORS 656.027 provides that all workers are subject to the Workers' Compensation Act, except sixteen types of

---

[1] Separate briefs have been filed on behalf of petitioner Birtch and on behalf of the minor child of DePew.

workers and work activities that the legislature has chosen specifically to exclude from coverage. Nowhere in ORS 656.027, or anywhere else in the act, is there an exclusion based on a contract of employment that calls for the performance of criminal acts. Therefore, if we were to look no further, the statute would appear to cover petitioners.

■ ■    The legislative policy statement contained in ORS 656.012 provides:

> "(1)   The Legislative Assembly finds that:
>
> "(a)   The performance of various industrial enterprises necessary to the enrichment and economic well-being of all the citizens of this state will inevitably involve injury to some of the workers employed in those enterprises; and * * *."

Clearly, *illegal* gambling is not an enterprise "necessary to the enrichment and economic well-being" of our citizens. Neither is criminal activity within the spirit of the statute. In *Johnson v. Star Machinery Co.*, 270 Or 694, 703-706, 530 P2d 53 (1974), the Supreme Court stated:

> "[T]he rule requiring the court to follow the plain meaning of seemingly unambiguous language is not inflexible and not without exceptions. Hence, if the literal import of the words is so at variance with the apparent policy of the legislation as a whole as to bring about an unreasonable result the literal interpretations must give way and the court must look beyond the words of the act.
>
> "* * * * *
>
> "'* * * [A] thing may be within the letter of the statute and yet not within the statute because not within its spirit, nor within the intention of its makers * * *,' *Holy Trinity Church v. United States,* 143 US 457, 459, 12 S Ct 511, 36 L Ed 226 (1892) * * *."

*See Fox v. Galloway,* 174 Or 339, 346, 148 P2d 922 (1944). The issue is not, as petitioners appear to argue, that they should not be punished; the issue is whether they were subject workers within the meaning of the act. We conclude that both the statutory language and the public policy implicit in the Workers' Compensation Act prohibit an award of compensation for injuries suffered by a worker employed under a contract to engage in criminal activities.[2]

---

[2] Petitioners rely on *Boyd v. Francis Ford, Inc.,* 12 Or App 26, 504 P2d 1387

Professor Larson would agree with this formulation:

"Although it could be argued technically that a requirement of a 'contract of hire' can be satisfied only by showing a legal contract, the cases have generally drawn a distinction between contracts that are illegal in the sense that the making of the contract itself violates some prohibition, and contracts that call for the performance of acts that are themselves violations of penal laws. The former will ordinarily support an award of compensation; the latter will not." 1C Larson, *Workers' Compensation Law,* § 47.51, 8-291, 292 (8th ed 1982).

Affirmed.

---

(1973). In that case, the claimants' decedent was killed in a one-car accident on his way home after a business meeting. He was intoxicated at the time of his death. The issue was whether the decedent, a subject worker, was acting within the course and scope of his employment. We held that he was, and that his drinking before the accident, which was a question of negligence, was not enough to deny coverage. The present case does not concern the course and scope of employment, but rather whether petitioners were subject workers, an issue not addressed in *Boyd.*